HEATHER WILLIAMS
Federal Defender
RACHELLE BARBOUR, Bar #185395
Research and Writing Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
ZACHARY MATTHEWS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. Cr. S. 05-028-GEB |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNOPPOSED PETITION TO TERMINATE |
| v. | ) | SUPERVISED RELEASE UNDER 18 U.S.C. |
| | ) | § 3583(e)(1); [proposed] ORDER |
| ZACHARY MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Judge: Garland E. Burrell, Jr. |
| _____ | ) | |

Defendant, ZACHARY MATTHEWS, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The four-year term of supervised release began on April 4, 2010. Mr. Matthews has already completed over three years of that term. Only approximately eight months remain.

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the

defendant released and the interest of justice."  No hearing is requested for this unopposed petition.

Although Mr. Matthews's conviction is from this Court, he is being supervised in the Central District of California where he lives and works.  Jurisdiction over his case remains in this court.  Prior to filing this petition, defense counsel and Mr. Matthews corresponded with his supervising probation officer to ensure that she would have no opposition to this petition.  The officer has indicated that Mr. Matthews is on her low-intensity caseload, is maintaining employment, and staying drug free.  She takes "no position" regarding this petition.

Defense counsel has also provided the Probation Office in the this district with a draft of this petition.  That office has considered this petition and is in agreement with early termination of Mr. Matthews' supervised release.  First Assistant U.S. Attorney Phil Talbert has reviewed this petition and on behalf of the government does not oppose early termination of supervision for the reasons stated herein.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether the terminate a term of supervised release.  The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders *as soon as they are statutorily eligible*.  The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration (e.g., residence,

2

       family, employment);

       2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;

       3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

       4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

       5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

       6. no recent evidence of alcohol or drug abuse;

       7. no recent psychiatric episodes;

       8. no identifiable risk to the safety of any identifiable victim; and

       9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

<u>Guide to Judiciary Policy</u>, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

     Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." <u>Id.</u>, § 380.10(g).

     Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges *encouraging* them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. (Exh. A.) Terminating "appropriate cases before they reach their full term saves resources and allows

3

1  officers to focus on offenders who continue to pose the greatest risk
2  of recidivism."  Judge Bell's memorandum notes that supervision costs
3  approximately $3,938 per year per case.  Analysis by the Administrative
4  Office of the Courts indicates that offenders who received early
5  termination were "arrested less often, for less serious charges, and
6  were sentenced to terms of imprisonment less often."  Accordingly,
7  "[f]rom a policy standpoint, it appears that the above criteria, when
8  properly applied, *does not jeopardize public safety*."  Id.

9  Mr. Matthews satisfies all the criteria for early termination.  He
10 has completed all the terms of supervision and has no outstanding
11 monetary penalties.  He has been sober for over seven years, completed
12 the Bureau of Prisons Residential Drug Abuse Program (RDAP), and passed
13 all drug tests during his period of supervised release.  He also has to
14 pass employer-mandated drug tests at work.  Mr. Matthews has no arrests
15 or convictions other than this one.

16 Mr. Matthews was convicted of a drug trafficking offense for which
17 he received a 7-year term of custody.  While incarcerated, Mr. Matthews
18 took courses in computers, horticulture, and building trades, nearly
19 exhausting the training opportunities offered at his institution.  Mr.
20 Matthews was released from prison in 2009 to a halfway house in the
21 Northern District.  He stayed there until April 3, 2010, his first date
22 on supervised release.

23 During his term of supervision, Mr. Matthews has been making great
24 strides.  Upon moving to the Central District, he was employed as an
25 electrical laborer by Jacobs Field Services North America, Inc.  He was
26 assigned to the Carson Business Unit Refinery of BP (formerly British
27 Petroleum).  Mr. Matthews worked for Jacobs, Inc. from October 3, 2011,
28 to April 18, 2012, when he was laid off as part of a broader company

4

staff reduction. He received a favorable performance evaluation and was considered eligible for rehire by the same company. (Exh. B.)

After being laid off, Mr. Matthews completed an eight-week tractor/trailer Class A licensing course on August 24, 2012. (Exh. C.) Prior to enrolling in the course, he sought a waiver from the U.S. Department of Homeland Security, Transportation Security Administration (TSA) of the Transportation Worker Identification Credential (TWIC) eligibility requirements. Because of his prior conviction, he was concerned that he might not meet federal security requirements to gain access to secure areas of federally regulated facilities and vessels. On September 11, 2012, the TSA granted Mr. Matthews a waiver, thereby enabling him to hold a TWIC license and obtain access to those secure facilities. (Exh. D.) These privileges include the ability to drive in and out of our nation's ports. The TWIC also serves as the preliminary credential that may later allow Mr. Matthews to get a hazardous materials endorsement from the TSA.

With his certification and credentials in order, Mr. Matthews found a trucking company willing to assess his skills and to consider employing him, but unfortunately the company was unable to give him trucking routes that would allow him to comply with the travel restrictions of his supervised release. In October 2012, he got a job with Veolia Environmental Services driving a vacuum truck in the oil refineries in Southern California. He has worked there consistently since. Zachary's boss, Dave Bowser, recently shared an email he received from a satisfied client, who noted,

> I have had the opportunity on several different opportunities to work directly with Zach Matthews, he has always completed any of his work tasks in a very professional manner. Zach is a employee that every company would be glad to have as aprt of the team. The extra effort he showed on Rain4Rent tank located @ T-141 last

5

> night is perfect example of how he will go above and beyond his
> normal work scope.  Please, Thank Zach for his efforts we @
> Chevron really appreciate all that he does.
> (Email from Rod Evenson, Exh. E.)

Mr. Matthews is currently working *80* hours a week for Veolia. (Exh. F.)  He has been able to save money, establish financial stability, and has establish good credit.  He has lived with the same roommate for almost 2 years, and his roommate describes him as "ideal" (Exh G.)

Mr. Matthews continues to have strong relationships with his extended family.  He has a cousin, Amy Vargas, whose husband, Chris Vargas, is a Sergeant with the Manhattan Beach Police Department.  Ms. Vargas attests that Mr. Matthews had assisted her and her husband with repairs on the Vargas's new home.  In a job reference letter, she says that Zachary is "a person of good moral character."  (Exh. H.)  Mr. Matthews also maintains a close relationship with his family.[1]  (Exhs. I & J.)

The Court is often called upon to impose serious consequences for defendants who violate supervised release.  Zachary Matthews has completed every condition asked of him and has far gone beyond the requirements of his supervision.  He has fully reintegrated into society and is a valued worker, housemate, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment.  He is in full compliance with all terms of supervision.  He had no aggravated role in the offense, has no history of violence, has no other arrests or convictions at any time, and is

---

[1] These letters date from the period before Mr. Matthews found his current job with VEOLIA, at a time when it appeared that he would not be able to find a trucking job that would comply with his travel restrictions.

6

not using controlled substances.  He has no psychiatric issues.  He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Given Mr. Matthews's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Respectfully submitted,

HEATHER WILLIAMS
Federal Defender

DATED: July 25, 2013                /s/Rachelle Barbour

_____
RACHELLE BARBOUR
Assistant Federal Defender
Attorney for Defendant
ZACHARY MATTHEWS

**O R D E R**

Pursuant to 18 U.S.C. § 3583(e)(1), the Court hereby TERMINATES the term of supervised release in this case and discharges Mr. Matthews.

Dated:  July 30, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

7